UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADEO PORTOCARREO-VELASCO,

v.   Case No. 8:08-cr-402-T-17EAJ
   8:10-cv-2284-T-17EAJ

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Portocarreo-Velasco's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. CV-1; CR-161).  A review of the record demonstrates that Portocarrero-Velasco's motion to vacate, set aside, or correct sentence must be denied.

**PROCEDURAL HISTORY**

On September 24, 2008, a federal grand jury indicted Amadeo Portocarrero-Velasco and three others for conspiring to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One), and possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). Doc. CR-1. The government filed an information and notice of prior convictions putting the defendant on notice that he would be subject to enhanced penalties as the result of a June 20, 2001, conviction for conspiracy to possess cocaine

with the intent to distribute on board a vessel, in violation of Title 46, U.S.C. § 1903(j), and possession of cocaine with the intent to distribute on board a vessel in violation of Title 46, U.S.C. § 1903(a), in case number 00-2917-J, which was prosecuted in the United States District Court for the Southern District of California, pursuant to Title 21, U.S.C. § 851. Doc. CR-39.

On December 16, 2008, Portocarrero-Velasco pled guilty with a written plea agreement to Count One of the Indictment. Docs. CR-46, 54. This Court adjudicated him guilty on January 26, 2009. Doc. CR-69. On March 13, 2009, this Court sentenced Portocarrero-Velasco to serve 262 months imprisonment to be followed by 120 months supervised release. Docs. CR-82, 93, and 133 at 16.

Portocarrero-Velasco directly appealed his conviction and sentence, Doc. CR-97, arguing that this Court had erred by sentencing him to an unreasonable sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 765 (2005). The Government filed a Motion to Dismiss the appeal due to a valid appeal waiver contained in the plea agreement, which the Eleventh Circuit granted.

On October 12, 2010, Portocarrero-Velasco filed the instant motion. Doc. CV-1.

**FACTUAL BACKGROUND**

For a period of time until on or about September 17, 2008, the defendant, Amadeo Portocarrero Velasco and others were knowing and willing participants in a maritime drug smuggling venture in the Eastern Pacific Ocean. The defendant and others knowingly and willingly joined in and assisted in that maritime drug smuggling venture. Specifically, the defendant and his three co-defendants were smuggling cocaine aboard a stateless self-propelled semi-submersible (SPSS) vessel, and had all agreed to serve on it knowing that

they were to assist in the illegal maritime drug smuggling venture. On September 17, 2008, the SPSS was intercepted by the United States Coast Guard (USCG) Cutter Midget approximately 400 nautical miles southwest of the Mexico/Guatemala border in the Eastern Pacific ocean. Permission was granted to board the SPSS and a USCG boarding team embarked upon the vessel. During the inspection of the SPSS, 295 bales containing approximately 19,175 pounds of cocaine were seized. A total of 4 crew members, including Portocarrero-Velasco were onboard the SPSS. All of the crew members were Colombian nationals. After his arrival in the United States, Portocarrero-Velasco admitted, post-*Miranda* that he had knowingly and willfully participated in the smuggling venture. It was also determined that Portocarrero-Velasco was the captain of the vessel. Docs. CR-46 at 12, 126 at 48-50, and PSR ¶¶ 10-12.

In the Pre-Sentence Report the United States Probation Office (USPO) recommended a base offense level of 38 based on Portocarrero- Velasco's involvement with at least 150 kilograms of cocaine, PSR ¶ 18, and further recommended a two-level upward adjustment, pursuant to USSG § 2D1.1(b)(2), because Portocarrero-Velasco was the captain of the vessel, PSR ¶ 21. The (USPO) also recommended a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a), PSR ¶ 24, and a further one-level reduction pursuant to USSG § 3E1.1(a) and (b), PSR ¶ 25. The resulting offense level was 37, with a criminal history category III. Because the government filed for an enhancement penalty pursuant to 21 U.S.C. § 851, the sentencing range became 262 - 327 months' imprisonment PSR ¶¶ 62-64.

Portocarrero-Velasco made no objections to the PSR. At sentencing, he argued for a mitigating-role adjustment pursuant to 18 U.S.C. § 3553(a)(1)-(7). Doc. CR-133 at 7-10.

Portocarrero-Velasco did not offer any evidence in support of a mitigating-role adjustment but contended that because he cooperated with the government and because of his age, he should be granted a downward adjustment. Id. This Court denied the motion. Doc. CR-133 at 14.

## COGNIZABILITY

Portocarrero-Velasco's second claim, that his counsel was ineffective for failing to argue against the enhancement pursuant to 21 U.S.C. § 851 is cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).

However, in his first claim, Portocarrero-Velasco argues that his sentence is unreasonable because it fails to meet the purposes of sentencing under § 3553(a). Doc. CV-1 at 6-10. This claim is not cognizable.

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). An allegation that a given sentence is contrary to the sentencing guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See Burke*, 152 F.3d at 1331-32 (collecting cases); *see also United States v. Diaz-Clark*, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (expressing doubt whether a claim concerning the misapplication of the sentencing guidelines would

be cognizable even if not successive).

Unreasonableness may be procedural or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n. 3 (11th Cir.2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow *Booker*'s requirements, regardless of the actual sentence." *Id.* Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). A sentence "may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n. 3. When reviewing a sentence for reasonableness, "we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

The weight accorded to the § 3553(a) factors is within the district court's discretion. *Id.* The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need

to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

Portocarrero-Velasco does not challenge the district court's guideline calculation. His issue is with the reasonableness of the sentence. Prior to imposing his sentence, the district court explicitly stated that it had considered the § 3553(a) factors. Doc. CR-133 at 16. Procedurally, this court complied with *Booker. See Talley*, 431 F.3d at 786. To the extent that Portocarrero-Velasco states that the district court failed to give weight to his factors asserted in support of a reasonable sentence, such as his cooperation, his age, and his personal circumstances, the weight accorded to various factors is within the district court's discretion. *See Williams*, 456 F.3d at 1363. Further, Portocarrero-Velasco's 262-month sentence was at the bottom of the guideline range and well below the statutory maximum of life imprisonment. See 21 U.S.C. § 960(b)(1)(B)(ii). Also, the record demonstrates that Portocarrero-Velasco is not similar to his co-conspirators as it was determined that he was the captain of the vessel, so there was no unwarranted sentencing disparity. Based on this record, Portocarrero-Velasco has not met the burden of establishing the unreasonableness of his sentence.

## PROCEDURAL DEFAULT

Portocarrero-Velasco is not entitled to relief on his claim that he is entitled to a downward departure due to his status as a deportable alien because this claim is a not a section 2255 issue. Doc. CV-1 at 14-15. Even if this claim were reviewed, Portocarrero-Velasco has procedurally defaulted this claim. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 ( 1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266

6

F.3d 1245, 1258 (11th Cir. 2001); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). Portocarrero-Velasco failed to raise this claim before this Court at sentencing. Portocarrero-Velasco does not allege that this claim was not raised earlier due to ineffective assistance of counsel.

Otherwise, the claim has no merit and would have entitled him to no relief even if it had been raised earlier. *United States v. Maung*, 320 F.3d 1305 (11th Cir. 2003) (downward departure sentence could not properly be based on desire to shield defendant from immigration consequences of conviction). In *Maung*, the Eleventh Circuit criticized dicta in *United States v. Veloza*, 83 F.3d 380 (11th Cir. 1996), *overruled on other grounds*, *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999) regarding the possibility that extraordinary collateral consequences of alienage might be grounds for a downward departure, noting that "[n]o decision to which we have been directed, or that we have found, has upheld a downward departure based upon collateral consequences related directly or indirectly to the defendant's status as an alien." *Maung*, 320 F.3d at 1308. Thus, the claim entitles Portocarrero-Velasco to no relief.

### WAIVER

Portocarrero-Velasco has waived the right to appeal his sentence, directly or collaterally, on two of the grounds he raises in this petition. Doc. CR-46 at 9-10.

The right to appeal is statutory and can be waived knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert denied*, 126 S. Ct. 246 (2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the Government need only demonstrate either that this Court specifically questioned the defendant concerning the

sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams,* 396 F.3d at 1342; *Bushert,* 997 F.2d at 1351.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to

allow his claim would be to "render[ ] meaningless" such plea agreement waivers).

In this case, the Court extensively inquired of Portocarrero-Velasco about his appeal waiver during the Fed. R. Crim. P. 11 colloquy, including having the government read the entire paragraph from the plea agreement into the record. Doc. CR-126 at 29-30. The Court then questioned Portocarrero-Velasco regarding the waiver and it is clear from the record that Portocarrero-Velasco understood the full significance of the waiver. Doc. CR- 126 at 30-32.

In his motion, Portocarrero-Velasco argues that his sentence was unreasonable, (claim one) and that he should have been granted a downward departure (claim three). Portocarrero-Velasco has waived these issues because they address his sentence and the manner in which it was determined, not the validity of his plea or the waiver. *See Williams*, 396 F.3d at 1342; *Davila*, 258 F.3d at 451-52; *Mason*, 211 F.3d at 1068; *Djelevic*, 161 F.3d at 107.

Because these claims do not "exceed[] the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines," or they do not exceed "the statutory maximum penalty," or they do not "violate[] the Eighth Amendment to the Constitution," (as discussed below) this Court should not consider them.

**MERITS**

Portocarrero-Velasco's second claim centers around his counsel being ineffective for failing to argue against an enhancement sentence pursuant to 21 U.S.C. § 851 and that because of the enhancement his sentence is in violation of the Eighth Amendment.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any

claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is

a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Pursuant to 21 U.S.C. § 851, if the government intends to seek an increased punishment based on one or more of a defendant's prior convictions, the government must file an information with the district court and serve a copy of it to the defendant or defendant's counsel. 21 U.S.C. § 851(a)(1). The government must serve the copy before trial or plea. Id. After the conviction, but before the pronouncement of sentence, the district court "shall" inquire from the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information." Id. at § 851(b). The district court "shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Id. If the defendant denies any of the allegations contained in the information or claims that "any conviction alleged is invalid, he shall file a written response to the information." Id. "The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." Id.

Pursuant to 21 U.S.C. § 960(b)(1)(B)(ii), "If [the defendant] commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not less that 20 years and not more than life imprisonment. . ."

In order to obtain the enhanced sentence pursuant to 21 U.S.C. § 851, the

11

government was required to put Portocarrero-Velasco on notice that it would be seeking the enhanced penalty. The government complied with the statute and filed "Government's Information and Notice of Prior Convictions" on November 12, 2008. Doc. CR-39. Prior to sentencing, counsel for Portocarrero-Velasco filed no objections to the enhanced penalties.

Because there were no objections to the enhancement, Portocarrero-Velasco's sentence was enhanced pursuant to 21 U.S.C. § 851 by virtue of a conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, and possession with intent to distribute cocaine while on board a vessel, United States District Court, Southern District of California, Case No. 00-2917-J. PSR ¶ 29.

Portocarrero-Velasco also argues that his statutory minimum sentence violates the Eighth Amendment. Doc. CV- 1 at 10-13. Under the Supreme Court's and the Eleventh Circuit's binding precedent, however, Portocarrero-Velasco's sentence does not violate the Eighth Amendment's prohibition of cruel and unusual punishment. 21 U.S.C. §§ 851 and 960(b)(1)(B)(ii), provide that if [the defendant] commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not less that 20 years and not more than life imprisonment if the United States Attorney files in the district court an information disclosing the prior convictions relied on. Because the required information was filed, Doc. CR-39, Portocarrero-Velasco faced a mandatory term of at least 20 years on his conviction on Count One.

Although the Eighth Amendment contains a narrow proportionality principal that applies to noncapital sentences, *Ewing v. California*, 538 U. S. 11, 20, 123 S. Ct. 1179, 1185 (2003), it is clear that "[o]utside the context of capital punishment, successful

challenges to the proportionality of sentences [are] exceedingly rare," *Solem v. Helm*, 463 U. S. 277, 289, 103 S. Ct. 3001, 3009 (1983). The Eleventh Circuit has held that district courts are "bound by the statutory minimums," *United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005), and that "a sentence which is not otherwise cruel and unusual does not become so simply because it is mandatory." *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005). Moreover, in *Harmelin v. Michigan*, 501 U.S. 957, 994-995, 111 S. Ct. 2680, 2701 (1991) (internal quotation marks omitted), the Supreme Court determined that "[t]here can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is mandatory." *See also United States v. Castaing- Sosa,* 530 F.3d 1358, 1362 (11th Cir. 2008) even after *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), district courts are bound by statutory mandatory minimums).

At sentencing, Portocarrero-Velasco argued that given his age and the situation he would be in upon release, that is, 77 years old, that there should be "some type of sentence that would be punitive enough to punish the defendant, protect society, without being overly punitive in his case." Portocarrero-Velasco himself addressed this Court and stated that he "will never do this again." This Court noted:

> All right. Before I even hear from probation and from the government, at age 49 and you are now 57, you were involved in conspiracy to possess cocaine with intent to distribute on board a vessel and possession of cocaine with intent to distribute on board a vessel; age 45, conspiracy to possess cocaine with intent to distribute on board a vessel; possession of cocaine with intent to distribute on board a vessel and aiding and abetting.
>
> You were arrested at age 27 for conspiracy to import marijuana. You received an 87-month custodial sentence in 2001 from the United States District Court for the Southern District of California, and you we[re] released in 2006 and deported back to Columbia [sic] and here you are again [in] 2008

being arrested for the same type of thing.

I just want you to know that I'm aware of your background.

Doc. CR-133 at 10-11.

Given the fact that Portocarrero-Velasco committed this drug smuggling venture while he was on supervised release from the June 20, 2001, drug smuggling venture, his sentence of 262 months imprisonment is not disproportionate to his crime. Indeed, "[o]utside the context of capital punishment, there are few successful challenges to the proportionality of sentences . . . because [the Eleventh Circuit] accord[s] substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." *United States v. Johnson*, 451 F.3d 1239, 1242-43 (11th Cir. 2006) (internal quotation marks omitted). Thus, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* at 1243 (internal quotation marks omitted).

Portocarrero-Velasco also fails to show that there was a reasonable probability that the outcome would have been different had his counsel argued against the enhancement at sentencing or had it been raised by him on appeal.

Accordingly, the Court orders:

That Portocarrero-Velasco's 28 U.S.C. § 2255 motion to vacate (Doc. CV-1; CR-161) is denied. The Clerk is directed to enter judgment against Portocarrero-Velasco and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 14, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Matthew Hart Perry
Amadeo Portocarreo-Velasco